IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DELL INC. and DELL TECHNOLOGIES INC., <br><br>  *Petitioners*, <br><br> v. <br><br> IN RE SUBPOENA TO QUINN EMANUEL URQUHART & SULLIVAN, LLP, <br><br> *Respondent*. | CIVIL ACTION NO. 2:25-MC-00003-JRG |

**MEMORANDUM OPINION AND ORDER**

Before the Court are the Notice of Motion and Memorandum of Points and Authorities in Support of Motion to Enforce Subpoena *Duces Tecum* (Dkt. No. 1) (the "Motion to Enforce") and Motion Pursuant to L.R. CV-7(J) Re-Urging in Part Dell's Motion to Enforce Dell's Subpoena for Documents and Withdrawing Dell's Subpoena for Testimony from Quinn Emmanuel (Dkt. No. 16) (the "Motion to Re-Urge") filed by Dell Inc. and Dell Technologies Inc. (collectively, "Dell"). Having considered the Motion to Enforce and Motion to Re-Urge, the Court finds that they should be **DENIED**.

I.   BACKGROUND

   A.   Related Case

On August 5, 2024, Cloud Byte LLC ("Cloud Byte") filed suit against Dell, alleging infringement of seven United States patents. (Case No. 2:24-cv-00637, Dkt. No. 1.) Cloud Byte acquired the asserted patents from IP Wave Pte. Ltd. ("IP Wave"). (Case No. 2:24-cv-00637, Dkt. No. 64 at 1; *see also* Dkt. No. 14 at 1.) IP Wave acquired the asserted patents from NEC Asia

Pacific Corporation. (Case No. 2:24-cv-00637, Dkt. No. 64 at 1; *see also* Dkt. No. 14 at 1.) NEC Asia Pacific Corporation acquired the asserted patents from NEC Corporation. (Case No. 2:24-cv-00637, Dkt. No. 64 at 1; *see also* Dkt. No. 14 at 1.)

On March 4, 2025, Dell moved to compel documents and information from Cloud Byte about assignments or licenses related to the asserted patents from IP Wave, NEC,[1] and Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn"). (Case No. 2:24-cv-00637, Dkt. No. 59.) The Court denied Dell's motion to compel. (Case No. 2:24-cv-00637, Dkt. No. 74.)

### B.     Dell's Subpoenas

On January 29, 2025, Dell issued a document subpoena and a deposition subpoena to Quinn. (Dkt. No. 14 at 2.) Dell's subpoenas sought documents and testimony from Quinn regarding "(1) agreements between and among NEC, IP Wave, and Cloud Byte relating to the asserted patents; (2) license agreements for the asserted patents; (3) communications between and among NEC, IP Wave, and Cloud Byte relating to the asserted patents; and (4) communications sent by Quinn Emanuel on behalf of NEC, IP Wave, or Cloud Byte to third parties." (Dkt. No. 2-1 at 1.) Quinn "previously represented non-party NEC, but not in this case." (Dkt. No. 14 at 1.)

On March 13, 2025, Dell moved to enforce its subpoena *duces tecum* in the Northern District of California. (Dkt. No. 2-1.) On March 24, 2025, based on Quinn's agreement to transfer the Motion to Enforce to the district where the subpoena was issued, the Northern District of California transferred the above-captioned case to this Court. (Dkt. No. 12.) On April 1, 2025, after the Court denied Dell's motion to compel in the related case, Dell re-urged part of its Motion to Enforce. (Dkt. No. 16.)

---

[1] In the motion to compel, Dell referred collectively to NEC Asia Pacific Corporation and NEC Corporation as "NEC." (Case No. 2:24-cv-00637, Dkt. No. 59 at ii.)

## II.     DISCUSSION

In the Motion to Enforce, Dell sought to enforce the full scope of its subpoena *duces tecum* by seeking to compel Quinn "to produce (1) agreements between and among NEC, IP Wave, and Cloud Byte relating to the asserted patents; (2) license agreements for the asserted patents; (3) communications between and among NEC, IP Wave, and Cloud Byte relating to the asserted patents; and (4) communications sent by Quinn Emanuel on behalf of NEC, IP Wave, or Cloud Byte to third parties." (Dkt. No. 2-1 at 1.) In the Motion to Re-Urge, in response to the Court's order in the related case, Dell "limit[ed] the requested documents to only *consummated* patent transfer or license agreements in the possession of Quinn Emanuel" and withdrew "all requests for unconsummated agreements, or communications regarding *any* agreements, whether consummated or unconsummated." (*Id.* (emphasis added by Dell).)

Dell's Motion to Enforce and Motion to Re-Urge hinge on whether the Court will permit Dell to bypass ordinary non-party discovery practices. Dell argues that the requested agreements are discoverable and not privileged. (Dkt. No. 2-1 at 10-15.) Dell asserts that it has not been able to obtain the requested documents from Cloud Byte. (*Id.* at 12.) Dell also argues that ABA Model Rule 1.6 does not prevent Quinn from producing the requested agreements. (*Id.* at 12-14.)

Quinn responds that Cloud Byte, the plaintiff in the related case, is not in possession of the requested agreements, and Quinn cannot produce documents from other clients' files. (Dkt. No. 14 at 3-4.) Quinn argues that Dell must obtain the requested agreements from the proper parties, namely NEC or IP Wave. (*Id.* at 4-6.) Quinn asserts that Dell's request would impose an undue burden on Quinn. (*Id.* at 7-8.) Quinn further argues that ABA Model Rule 1.6 prevents it from disclosing documents it may have in its possession on behalf of a different client.[2] (*Id.* at 9-11.)

---

[2] Quinn also raises an issue with Dell's failure to comply with the local rule's meet and confer requirement for motions to re-urge. (Dkt. No. 118 at 1.) The Court finds that it does not need to address this issue in this order. The Court

3

Consistent with this Court's Order in the related case, the Court will not compel Quinn to produce documents or information it may hold on behalf of a client other than Cloud Byte. The Court recognizes that the agreements Dell requests may be relevant to its claims or defenses; however, the Court will not allow Dell to bypass established discovery procedures by subpoenaing a law firm that may have relevant documents and information. To the extent Quinn has documents or information in its possession, custody, or control on behalf of Cloud Byte that it has not produced and that are relevant to any party's claims or defenses, Quinn must produce such documents and information. To the extent there are documents or information Dell wishes to obtain from IP Wave or NEC, Dell may do so through foreign discovery practice.[3] While the Court recognizes that foreign discovery practice is somewhat burdensome and time-consuming, the Court does not find that argument persuasive.

Regarding Dell's assertion that ABA Rule 1.6 does not prevent Quinn from producing the requested agreements, the Court disagrees. Under ABA Rule 1.6, "[a] lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent" or unless one of the narrow exceptions listed in the Rule applies. ABA Model Rules of Prof'l Conduct R. 1.6(a). NEC has not consented to Quinn voluntarily producing the requested agreements. (Dkt. No. 14-1 ¶ 9.) Therefore, without NEC's consent, an exception to ABA Rule 1.6 must apply for Quinn to produce the agreements without violating its confidentiality obligations to NEC.

Dell relies on the exception that "[a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary: . . . to comply

---

reminds Dell of the importance of fully and faithfully complying with this District's Local Rules. *See Emerging Automotive LLC v. Kia Corp.*, No. 2:23-cv-00437-JRG, Dkt. No. 156 at 3-4 (E.D. Tex. Feb. 15, 2025) ("Disregard of such rules, under appropriate circumstances, may require an imposition of sanctions.")

[3] The Court notes that after filing the Motion to Enforce, Dell served a subpoena on NEC Corporation. (Dkt. No. 14 at 2.) Based on a review of the record, it is not clear that Dell has subpoenaed NEC Asia Pacific Corporation or IP Wave.

with other law or a court order . . . ." ABA Model Rules of Prof'l Conduct R. 1.6(b)(6); *see* Dkt. No. 2-1 at 12-13. In the Comments that follow the Rule, the ABA instructs that "[a] lawyer may be ordered to reveal information relating to the representation of a client ***by a court*** or by another tribunal or governmental entity claiming authority pursuant to other law to compel the disclosure." ABA Model Rules of Prof'l Conduct R. 1.6 cmt. 15. The Comment further states that "[a]bsent informed consent of the client to do otherwise, the lawyer should assert on behalf of the client all nonfrivolous claims that the order is not authorized by other law or that the information sought is protected against disclosure by the attorney-client privilege or other applicable law." *Id.* Here, Quinn has not received informed consent and has asserted a nonfrivolous claim that client confidentiality prevents disclosure of the requested documents. Further, the Court is not enforcing Quinn to comply with Dell's subpoena *duces tecum*. The "court order" exception does not apply. As discussed above and in the Court's Order in the related case, Dell should seek the requested documents directly from the non-parties, NEC and IP Wave, through third-party discovery.

Accordingly, the Court declines to enforce Dell's subpoena *duces tecum* directed to Quinn.

### III.   CONCLUSION

For the reasons stated herein, the Court **DENIES** Dell's Motion to Enforce (Dkt. No. 1). The Court further **DENIES** Dell's Motion to Re-Urge (Dkt. No. 16).

**So ORDERED and SIGNED this 28th day of April, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE